GEORGE STAPLES } To the Honorable the Judges of the Supreme v. } Court of North Carolina. ARTHUR S. MOORING. }
The petition of Arthur S. Mooring, defendant in the above-named case, showeth: That at the Fall Term, 1843, of BEAUFORT, a suit was tried, in which George Staples was plaintiff and your petitioner defendant; that the case was decided, upon a point of law raised in the case, against your petitioner, and that he prayed for and obtained an appeal to the Supreme Court, and gave bond as required by law. The case was made up by his Honor, and your petitioner is informed that the transcript was prepared by the clerk of Beaufort shortly after the term of the said court, and in sufficient time to reach Raleigh before the sitting of the Supreme Court, and was mailed by him, directed to the Clerk of the Supreme Court, at Raleigh.
Your petitioner further shows that he supposed the record of (216) the suit had been received by the Clerk of the Supreme Court and the suit docketed, nor did he know to the contrary until some short time ago, and after the adjournment of the Supreme Court; that your petitioner, while the Supreme Court was in session, wrote to the Clerk of the Supreme Court relative to the said suit, but received no answer. Your petitioner further shows that he is desirous of having the suit tried and *Page 168 
the question settled by the Supreme Court. He therefore prays your Honors for a writ of certiorari, directed to the Clerk of Beaufort Superior Court of Law, requiring him to send up a record and transcript of the said suit, and also an injunction restraining him from issuing an execution upon the said judgment.
Sworn to 1 May, 1844.
Francis H. Hawks, Clerk of the Superior Court of Law for Beaufort, maketh oath that at the Fall Term, 1843, of Beaufort, a suit was tried, wherein George Staples was plaintiff and Arthur S. Mooring was defendant; that under the charge of the judge that the law was with the plaintiff, a verdict and judgment were rendered for the plaintiff, and the defendant prayed for and obtained an appeal to the Supreme Court and gave bond as required by law; that the case was made out for the Supreme Court by his Honor, and that in some short time after the term of the Superior Court, and in sufficient time for the transcript to reach Raleigh some weeks before the sitting of the Supreme Court, the case was made up for the Supreme Court and mailed by the affiant at the post office in Washington, N.C. directed to the Clerk of the Supreme Court at Raleigh; that this affiant has been in the habit, ever since he has been clerk, of sending in this way the appeals from Beaufort Superior Court to the Supreme Court, and they have always before been received in time and docketed.
The application for a certiorari comes too late. It should have been made at the term to which the appeal was (217) returnable. It was the duty of the party, by himself or attorney, to be present at that term to see that his appeal was properly filed. Motion refused.
Cited: Grael v. Vernon, 65 N.C. 78; Howerton v. Henderson, 86 N.C. 721.